HARRIET B. SPRAGUE *vs.* CHARLES W. STEVENS *et al.*

JULY 6, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Equity Pleading. Parties. Dower. Notice.*

In an action in equity to recover dower, the title of purchasers *pendente lite*, of the lands prior to the recording of the notice provided in Gen. Laws, 1909, cap. 294, § 13, and not having actual notice, cannot be affected by any proceeding in the suit, and hence there is no necessity for making such alienees, parties respondent.

As to those having actual notice, as they would take *cum onere* and would be bound by the decree, they are not necessary parties.

*(2) Equity Pleading. Parties. Dower. Notice.*

In an action in equity to recover dower, heirs or devisees of a deceased respondent are not necessary parties to the cause.

*(3) Dower. Pleading. Parties.*

Gen. Laws, 1909, cap. 329, § 15, provides that "whenever a widow shall be entitled to dower in several parcels of land, whether the fee of the same be in the heir at law, devisee, grantee or a subsequent holder, she may bring a suit in equity against all the persons owning the said lands:—"

*Held,* that the object of the statute was to permit the widow to bring one suit against all, rather than to be confined to separate suits against the several owners, but her dower in each of the parcels was still the object of the suit, although it was brought under the statute against all the owners of the several parcels out of which she was seeking dower, and while in form one suit, in reality, so far as her right to recover dower from the owners of the several parcels was concerned, it was an aggregation of the several suits against the several owners.

*Held,* further, that the right of the widow to recover dower against any owner, was not conditional upon all persons who might have acquired an interest in any of the several parcels, as heir, devisee or alienee of any respondent being brought in and kept before the court; but that the provisions of Gen. Laws, cap. 289, § 11; cap. 329, § 14 and 285, § 5, as to parties applied to this proceeding as to other suits in equity.

*(4) Dower. Parties. Equity.*

Gen. Laws, cap. 329, § 15, provides that in a suit in equity to recover dower brought against all of the owners, "the court, according to the course of equity in marshalling incumbrances, may cause the dower of such widow in all of the said parcels to be assigned in one parcel or in contiguous parcels out of the lands of the heirs-at-law, or devisee of such deceased husband or otherwise according to equity."

*Held;* that, where all of the owners of the several parcels were originally joined as parties under the statute, the right of the complainant to dower out of the parcel of each owner would be concluded by the suit.

*Held,* further, that while upon entry of decree there might be some parcels held by alienees not having actual notice and by heirs or devisees of deceased respondents who had not been brought in and made parties, and such alienees heirs or devisees would not be affected, yet no dower could be recovered from such parcels, and therefore no dower from such parcels could be charged upon the owners of other parcels, and dower either in one parcel or in contiguous parcels would be assigned out of the parcels of the parties respondent at the time of the decree, and in any event the court could assign the dower in such way as under the circumstances would do equity.

*(5) Equity. Rules of Court.*

Rules 14 and 15 of the Superior Court have no application, to the procedure in case of the death of parties respondent or the alienation by parties of land in suit.

BILL IN EQUITY to recover dower.   Heard on certification by Superior Court on questions of doubt and importance.

JOHNSON, C. J.　This is an action in equity by Harriet B. Sprague to recover of some eight hundred respondents dower alleged to be due her in certain lands alleged to have been owned by her husband during her marriage. Since the matter was last before this court, the bill has been amended, the different parties in interest have answered and the bill has been referred to a master in chancery to decide certain questions in the case.

At one of the hearings before said master the death of one of the respondents was suggested upon the record and thereupon the question arose whether or not the heirs-at-law or devisees of the said deceased respondent should be made parties to the bill before the matter proceeded. Thereupon the master filed a request to the Superior Court for instructions upon certain questions. Upon hearing, the presiding justice considering that the questions submitted are of such doubt and importance and so affect the merits of the controversy that they ought to be determined by the Supreme Court before further proceedings, certified said questions to this court.

The questions are:

"1. In case the death of any party respondent is suggested on the record, is it necessary for the complainant to make the heirs-at-law or devisees of said deceased person respondents before the case can proceed?

"2. In case the death of any party respondent occurs which is not suggested on the record, is it necessary for the complainant to see that such death is suggested on the record and to make the heirs-at-law or devisees of said deceased person respondents before the case can proceed?

"3. In a case where the parties in interest are very numerous and without manifest inconvenience and oppressive delays the heirs-at-law or devisees of deceased parties cannot be brought before the court, is it necessary for the complainant to make the heirs-at-law or devisees of such deceased person whose death has been suggested on the record respondents, before the case can proceed, if said

deceased person was the owner of a part of one of the tracts of land described in the complainant's bill other owners of which tract are parties to the suit and represented before the court?

"4. In this case where the parties in interest are very numerous, if it shall appear that without manifest inconvenience and oppressive delays the heirs-at-law or devisees of deceased parties cannot be brought before the court; and if any such deceased person was the owner of a part of one of the tracts of land described in the complainant's bill, other owners of which tract are parties to the suit and represented before the court, is it necessary for the complainant to make the heirs-at-law or devisees of such deceased person whose death has been suggested on the record respondents, before the case can proceed?

"5. In this case where the parties in interest are very numerous, if it shall appear that without manifest inconvenience and oppressive delays the heirs-at-law or devisees of deceased parties cannot be brought before the court; and if any such deceased person was the owner of a tract of land which is a part of a larger tract of land described in the complainant's bill, which larger tract has been divided into parcels and conveyed to divers parties, and owners of certain of said parcels are parties to the suit and represented before the court, is it necessary for the complainant to make the heirs-at-law or devisees of such deceased person whose death has been suggested on the record respondents before the case can proceed?

"6. In a case where the parties in interest are very numerous and without manifest inconvenience and oppressive delays the heirs-at-law or devisees of deceased parties cannot be brought before the court, is it necessary for the complainant to make the heirs-at-law or devisees of a deceased person whose death has not been suggested on the record respondents, before the case can proceed; if said deceased person was the owner of a part of one of the tracts described in the complainant's bill, other owners of which tract are parties to the suit represented before the court?

"7. In this case where the parties in interest are very numerous, if it shall appear that without manifest inconvenience and oppressive delays the heirs-at-law or devisees of deceased parties cannot be brought before the court, and if any such deceased person was the owner of a part of one of the tracts of land described in the complainant's bill, other owners of which tract are parties to the suit represented before the court, is it necessary for the complainant to make the heirs-at-law or devisees of such deceased person whose death has not been suggested on the record respondents, before the case can proceed?

"8. In this case where the parties in interest are very numerous, if it shall appear that without manifest inconvenience and oppressive delays the heirs-at-law or devisees of deceased parties cannot be brought before the court, and if any such deceased person was the owner of a tract of land which is a part of a larger tract of land described in the complainant's bill, which larger tract has been divided into parcels and conveyed to divers parties, and owners of certain of said parcels are parties to the suit and represented before the court, is it necessary for the complainant to make the heirs-at-law or devisees of such deceased person whose death has not been suggested on the record respondents, before the case can proceed?

"9. In case of the alienation by any of the parties respondent hereto, of any part of a tract of land in which dower is claimed, is it necessary to make the alienees of said land parties respondent, no notice of pending suit having been placed upon record on the records of land evidence in the towns where such land lies respectively, in a case where the parties in interest are very numerous and without manifest inconvenience and oppressive delays such transferees cannot be brought before the court; and if the party respondent alienating his land was before its alienation the owner of a part of one of the tracts of land described in complainant's bill, other owners of which said tract are represented before the court?

"10. In case of the alienation by any of the parties respondent hereto, of any part of a tract of land in which dower is claimed, is it necessary to make the alienees of said land parties respondent, no notice of pending suit having been placed upon record on the records of land evidence in the towns where such land lies respectively, in this case where the parties in interest are very numerous, if it shall appear that without manifest inconvenience and oppressive delays such transferees cannot be brought before the court; and if the party respondent alienating his land was before its alienation the owner of a part of one of the tracts of land described in complainant's bill, other owners of which said tract are represented before the court?

"11. In case of the alienation by any of the parties respondent hereto, of any part of the tract of land in which dower is claimed, is it necessary to make the alienees of said land parties respondent, no notice of pending suit having been placed upon record on the records of land evidence in the towns where such land lies respectively, in this case where the parties in interest are very numerous, if it shall appear that without manifest inconvenience and oppressive delays such transferees cannot be brought before the court; and if the party respondent alienating his land was before its alienation the owner of a tract of land which is a part of a larger tract of land described in the complainant's bill, which larger tract has been divided into parcels and conveyed to divers parties and owners of certain of said parcels are parties to the suit and represented before the court?

"12. Under questions four, five, seven, eight, ten and eleven, is the master authorized to decide in each instance whether such manifest inconvenience and oppressive delays exist?

"13. Does rule 15 of the rules in equity of the Superior Court apply in any or all of the above cases?

"14. Does rule 14 of the rules in equity of the Superior Court apply in any or all of the above cases?

"If so, can the Master appointed to decide the question of dower in this suit apply said rules in any particular case without specific instructions from the Court?"

For consideration the questions may, we think, be grouped as follows:

(1)     FIRST. In case of the death of a party respondent, is it necessary for the complainant to make the heirs-at-law or devisees of said deceased respondent parties to the suit before the case can proceed, (a) where the death is suggested upon the record, (b) where the death has not been so suggested?

SECOND. In case of the alienation by any of the parties respondent of any part of a tract of land in which dower is claimed is it necessary to make the alienee a party respondent, no notice of pending suit having been placed upon record in the records of land evidence of the town where such land lies?

THIRD. How are the questions affected by the great number of parties and the possible inconvenience and delay, resulting therefrom?

FOURTH. Instructions are also sought as to the duty and authority of the master to decide questions of inconvenience and delay and of the applicability of equity rules 14 and 15 of the Superior Court to this case, and the duties of the master under those rules. The rules are as follows:

"14. In all cases where it shall appear to the court that persons, who might otherwise be deemed necessary or proper parties to the suit, can not be made parties by reason of their being out of the jurisdiction of the court, or are incapable otherwise of being made parties, the court may in its discretion proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties.

"15. When the persons in interest are very numerous and, without manifest inconvenience and oppressive delays in the suit some of them can not be brought before the court, the court in its discretion may proceed without making all of said persons parties, if it shall have sufficient parties before

it to represent the adverse interests of the plaintiffs and the defendants in the suit. But in such cases the decree shall be without prejudice to the rights and claims of all persons not parties to the suit."

Counsel for respondents contend that it is necessary that all the owners of the land out of which dower is sought should be parties to the suit at all stages of the proceeding; that such requirement necessarily follows from the statute which provides that "whenever a widow shall be entitled to dower in several parcels of land, whether the fee to the same be in the heir-at-law, devisee, grantee or a subsequent holder, she may bring a suit in equity against all of the persons owning the said land."

Counsel argue that "it would seem to make no difference whether the death was suggested upon the record or not. If the death is suggested upon the record, of course, the heirs-at-law or devisees can be at once summoned in and it would seem to be the duty of the complainant to see that when any parties die their heirs-at-law or devisees were summoned in.

"It would appear to be the plain intent of the statute that this procedure should be followed even where the separate tracts are each described separately and the owners of each tract brought in as such. But in a case like that at bar, where the land is described simply by ancient deeds which describe the land as it was long ago and where the lands thus described have been subdivided and again subdivided and it is sought to join the owners of all such lands, the cause cannot proceed without having the owners of all the land continuously before the court."

So far as the questions pertain to the necessity of making the alienees of parties respondent, parties to the suit before the suit can proceed, the rule as to the relation of such alienees to the suit, in the absence of statute, is well-stated in *Brightman* v. *Brightman*, 1 R. I. 112. At page 119, the court, STAPLES, J., says: "We apprehend it is well settled, that he who purchases property pending a suit in which the title to it is involved, takes it subject to the judgment or decree

that may be passed in such suit against the person from whom he purchases.

"That he purchased *bona fide*, and paid a full consideration for it, will not avail against such judgment or decree.

"Nor will he be permitted to prove that he had no notice of the pendency of the suit. The law infers that all persons have notice of the proceedings of courts of record.

"This rule has been adopted from motives of public policy. Without it, the effect of every judgment and decree of this nature might be avoided by a mere transfer of the defendant's title, as a decree of judgment was about to be pronounced against him. 11 Ves. R. 197. A party might always be in pursuit of his rights without being able to overtake them."

See, also, *The Bishop of Winchester* v. *Paine*, 11 Ves. Jr. 194, 197; *Sorrell* v. *Carpenter*, 2 Peere Williams, 482; *Metcalfe* v. *Pulvertoft*, 2 Ves. & Beames, 200; *Murray* v. *Lylburn*, 2 Johns. Ch. 441, where at page 443, Chancellor Kent says: "There is no principle better established, nor one founded on more indispensable necessity, than that the purchase of the subject-matter in controversy, *pendente lite*, does not vary the rights of the parties in that suit, who are not to receive any prejudice from the alienation;" Story, Eq. Pl. § 156; 1 Dan. Ch. Pl. & Pr. 280. An assignee under a voluntary assignment may be made a party, when desirable, at the election of the plaintiff. Story, Eq. Pl. 156.

Purchasers, *pendente lite*, cannot be made parties without the complainant's consent, *Steele* v. *Taylor*, 1 Minn. 274. "The rule is, that it is proper to make parties all incumbrancers, whose claims arose before the commencement of the suit, but not those who purchased *pendente lite*." *Miller* v. *Kershaw*, Bailey Eq. (S. C.) 469, 471.

In this state, the law as to purchasers *pendente lite* has, however, been modified by Chap. 315 P. L. § 2, passed April 21, 1882. The provision has remained the same in the revisions since its passage and is now Section 13 of Chapter 294, Gen. Laws, 1909, which reads as follows:

"SEC. 13. No proceeding in court, hereafter taken, whether by filing bill, petition, declaration, or other complaint, or rule of court, or otherwise, and no final order, decree, or judgment, concerning the title to any real estate, in this state, or to any interest or easement therein, shall affect such title (excepting as to parties thereto and their heirs and devisees, and those having actual notice thereof) as to any rights acquired before notice of the filing, or entry, of the same shall be recorded in the records of land evidence in the town or city where such real estate is situated; such notice to be copied in a book duly indexed and kept for that purpose. The notice shall briefly state the names of all the parties, the court wherein filed, the date of filing, and the substance of the bill, petition, declaration, or other complaint, rule, order, decree, or judgment, and a description of the real estate thereby affected, so far as may be necessary to warn any person subsequently dealing with the title to the land."

Therefore, by the terms of the statute, the title of purchasers, *pendente lite*, of the lands prior to the recording of the notice provided in the statute, and not having actual notice, cannot be affected by any proceeding in the suit. No reason appears therefore for making them parties to the suit, as such a proceeding would avail nothing. They would not be affected by the decree. Those having actual notice are excepted by the statute, and are therefore left in the same position as though the statute had not been passed. They are not necessary parties. They take *cum onere*, and would be bound by the decree.

(2)     The necessity of making heirs or devisees of a deceased respondent parties to the suit before the suit can proceed is argued by respondents' counsel, as follows: "It may be contended that all that the statute requires is that all of the owners of the lands out of which dower is sought should be joined when the bill is brought, but that it is not necessary for the complainant to follow all the changes in ownership that may occur while the bill is pending. Clearly this con-

tention would be untenable. The same necessity which requires that all of the owners should be joined to begin with requires that all the owners should be kept continually before the court. Otherwise it might be possible for the widow to bring her bill against all of the owners at the time of filing of the bill, and then subsequently to discontinue as to some of them. Such discontinuance would, of course, relieve those as to whom the bill is discontinued of any liability for dower and thus the widow might maintain a bill for dower against certain ones while at the same time relieving others who were just as liable. She would thus be able to accomplish by indirection the result which the statute plainly prohibits, that is, the choice of certain persons out of whom dower is to be collected and the release of others.

(3)    "This court has already decided that all of the owners of all the land out of which dower is sought must be joined. To allow the owners of a part of the land out of which dower is sought to be unrepresented because of alienation of the land or because of the death of the parties against whom the bill is brought would obviously leave matters in the same position as if the bill were brought against all to begin with and then were discontinued as to some. We have already seen that that would enable the widow to accomplish by indirection what the statute forbids. Since the allowing of alienees or heirs-at-law and devisees to be unrepresented accomplishes the same result as would a discontinuance as to certain of the parties, and that course must be held to be forbidden because it would work a circumvention of the statute, it must follow that the cause cannot proceed while alienees or heirs-at-law and devisees are not represented before the court."

It does not seem clear that a discontinuance as to any respondent or the failure to make the alienee or heir-at-law or devisee of a respondent a party would enable the complainant, as counsel says, "to accomplish by indirection the result which the statute plainly prohibits, that is, the choice of certain persons out of whom dower is to be collected and

the release of others." The statute makes no such prohibition. It provides that the widow may bring a suit in equity against all of the persons owning the said lands. She could have brought separate suits against all the several owners or against any of them, leaving out any that she saw fit to leave out. She could thus have accomplished exactly what respondents' counsel say is prohibited by the statute permitting her to bring a suit against all the persons owning the said lands.

The right of the complainant to bring a separate suit against each of the owners of the several parcels into which the lands of her husband have been divided, and to obtain her dower from each, if she shows that she is dowable out of the land held by such owner, is not disputed. In the absence of a statute permitting her to bring a suit against all the owners, she would have been confined to such separate suits against the several owners, as a suit against all would have been open to the objection of being multifarious. To relieve this situation the statute was passed providing that "Whenever a widow shall be entitled to dower in several parcels of land, whether the fee of the same be in the heir-at-law, devisee, grantee or a subsequent holder, she may bring a suit in equity against all the persons owning the said lands." Having brought suit under the statute against all the owners, how is the right, which she before had to recover her dower from the owner of each of said parcels, affected? When this case was formerly before this court, 32 R. I. 361, in answer to the 16th question then submitted, the court held, that suit being brought under said statute, it "must be brought against all persons owning the land out of which dower is sought." The court, however, said: "We do not mean by this that it is necessary to include in the suit all the land out of which the widow was originally entitled to be endowed. It may well have happened that before this suit was brought, some of the owners of the land did set off the widow's dower therein or agreed with her upon some substantial equivalent in lieu thereof. In such a case there would be no necessity for the

widow to include those, with whom settlements had been made, as respondents in her bill." Would this right of the widow to effect a settlement with any of the respondents and thus obtain her dower or a satisfactory equivalent therefor, cease upon her bringing a suit against all? Her dower in each of said parcels is still the object of her suit, although it is brought under the statute, against all the owners of the several parcels out of which she is seeking dower.

Is her right to the recovery of dower from the owners of the several parcels, affected by the bringing of the suit against all? In effect, does the statute do anything more than enable her to bring suit, upon her several rights to have dower out of the several parcels, against the several owners of said parcels together, in form, one suit, but in reality, so far as her right to recover dower from the owners of the several parcels is concerned, an aggregation of the several suits against the several owners? Are the rights of dower which she had before suit against each owner, so tied together upon her bringing one suit against all, under the permission given by the statute, that thereafter she cannot recover her dower against any owner unless all persons who may have acquired an interest in any of the several parcels of land as heir, devisee, or alienee of any respondent are brought in and kept before the court? Have the rights to have dower out of each parcel been fused by the suit brought against all the owners into one right recoverable against all or none? That appears to be the effect of the contention of counsel for respondents. Is this a necessary conclusion? Such a conclusion would render it necessary to decide that the right which she had before suit to recover her dower from the owners severally of each of the parcels of land, was destroyed the moment that she brought suit against all under a statute which it would seem must have been passed for the purpose of facilitating the recovery of dower rather than of impeding it.

In 5 Ency. Pl. & Pr. 840, *h. Suits in Equity*—(1) *Generally* it is said: "The death of one of several defendants to a

suit in equity abates the suit as to him; but the suit may proceed without revivor against the surviving defendants when there are such persons before the court as make it possible to render a final decree in the cause.    But where the deceased defendant was a necessary party to the determination of the controversy, his death abates the suit."

In this state, Gen. Laws, 1909, Chap. 285, § 5, provides: "In any case where there are two or more plaintiffs or defendants, if one or more of them shall die, and the cause of action shall survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated, but the death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants."

Gen. Laws, 1909, Chap. 289, § 11, provides: "No supplemental bill, or bill of revivor, shall be necessary in equity, but the superior court, by general rule or by special order, may provide for the introduction of any supplemental matter into the suit by way of addition to or amendment of the bill, and for entering upon the record the decease of any party, and for bringing in the heirs, personal representatives, and others' interested," and Gen. Laws, 1909, Chap. 329, § 14, provides: "No action of dower shall abate by the death of the defendant named therein, where the defendant is tenant of the freehold, if the property passes by devise or descent from him; but such death being suggested, the heir or devisee shall be summoned to appear within a certain time, to be prescribed in the discretion of the court in which the action is pending, and take upon him the defence of the suit, and the suit shall proceed against him in the same manner as if he had been the original defendant."

The provision in Chap. 289, § 11, "for entering upon the record the decease of any party, and for bringing in the heirs, personal representatives, and others interested," applies of necessity to the bringing in of persons *interested,* as well in the case of "heirs, devisees or personal representatives," as

in the case of "*others interested.*"   Heirs or devisees would ordinarily be interested, but in the case at bar it would not be to their interest to be brought in and made subject to the decree, but quite the reverse.   If the complainant wanted to subject them to the decree, her interest would be to have them brought in, but if she was not willing to take the trouble to do so, none of the other parties to the suit would be interested to have them brought in unless their not being so brought in would injuriously affect such other parties.   Outside of that consideration, it would not seem to be necessary to make them parties, and that the suit could proceed against the other parties respondent who are before the court.   The provision in Chap. 329, § 14, providing that upon the suggestion of the death of a party, "the heir or devisee shall be summoned to appear within a certain time, to be prescribed in the discretion of the court in which the action is pending, and take upon him the defence of the suit, and the suit shall proceed against him in the same manner as if he had been the original defendant," clearly applies to the prosecution of the suit, against such heir or devisee in seeking the object of the suit, in the same manner as if he had been the original defendant.   The section immediately precedes the section under which this action is brought. Prior to that, Chapter 329 had dealt only with cases brought against the individual owner of the land.   In the case of one defendant, manifestly it would be necessary to have his heir or devisee made a party upon the death of the defendant being suggested, and the complainant would plainly be interested in suggesting the death and having him made a party in order to proceed effectually to a decree against him. The section, however, in our opinion does not affect the question of the prosecution of the suit against the other defendants, if any, before the court.   Such other defendants would be interested only where the failure to bring such heir or devisee before the court and subject him to the decree would injuriously affect them.   In order to show that such other respondents would be injuriously affected by the

failure to make the alienee of a respondent or the heir or devisee of a deceased respondent a party, counsel for respondents cite the provision in said Chap. 329, § 15, that in any such suit, "the court according to the course of equity in marshalling incumbrances, may cause the dower of such widow in all of the said parcels to be assigned in one parcel or in contiguous parcels out of the lands of the heirs-at-law or devisee of such deceased husband, or otherwise according to equity," and argue as follows: "Under this statute the Court or Master to whom the case might be assigned, might proceed if it be found that the widow is dowable to set off her dower by having transferred to her some one or more of the parcels of land," . . . "and charge the owners of other parcels so as to cause them to bear their proportion of the burden. But, if all of the owners were not represented before the court, the decree could not be binding upon them, and thus it might and inevitably would follow that at the conclusion of the action numerous claims would still remain unadjusted."

(4) In this case, all the owners of the several parcels of land were joined as parties under the statute. This having been done and all having been brought before the court, the right of the complainant to dower out of the parcel of each owner, we think, must be concluded by this suit. If a party respondent conveys the parcel owned by him, then if such conveyance is made before the record of notice of *lis pendens* required by Gen. Laws, 1909, Chap. 294, § 13, the title of the alienee is not affected by any proceeding in this suit, unless the alienee had actual notice. If he had actual notice he takes the land *cum onere*, and need not be made a party. Consequently, no necessity exists, so far as his rights are concerned of making him a party. If he acquired the land with actual notice he will be bound by the decree, and if he acquired it without actual notice he will not be affected by the decree. In case of the death of a party respondent, if the complainant causes the heir or devisee to be made a party, then the cause proceeds against such heir or devisee. If the complainant

does not cause the heir or devisee to be made a party, then she can have no decree affecting him.   The decree, therefore, can cause no injustice to him.

It is true that upon the entry of decree there might be some parcels of the land held by alienees of respondents not having actual notice and by heirs or devisees of deceased respondents who had not been brought in and made parties. Such alienees, heirs or devisees would not be affected by the decree.   The complainant, however, would be concluded by the decree and such alienees, heirs-at-law or devisees would not be injured.

Would the other respondents, those who remained parties to the suit at the entry of decree be prejudiced by the decree?

The court in proceeding to "cause the dower of the complainant in all of the said parcels to be assigned in one parcel or in contiguous parcels out of the lands," could not well include in such parcel or parcels, so assigned, the lands out of which dower or a satisfactory equivalent had been secured by the complainant before suit, as the owners of such lands were not required to be made parties.   *Sprague* v. *Stevens*, 32 R. I. 361, 376.   If any respondent has, after suit brought, conveyed his parcel to one not having actual notice, or, if the heir or devisee of any deceased respondent has not been brought in and made a party to the suit, no dower can be recovered by the complainant from the parcels so conveyed, descended to the heir, or devised.   Therefore, no dower from such parcels could be charged upon the owners of the other parcels.   If dower should be assigned by the court in one parcel or in contiguous parcels it could be so assigned out of the parcels of the parties respondent at the time of the decree.   The statute after providing that the dower may be assigned in a contiguous parcel or parcels, out of the lands of the heirs-at-law or devisee of such deceased husband, adds the words, "or otherwise according to equity," indicating clearly that the court is to be free to assign the dower in such way as under the circumstances will do equity. Is it to be supposed that under such circumstances, a court

of equity would proceed to cause the dower of the widow to be assigned in one parcel or in contiguous parcels out of those lands from which, by failure to make such alienees, heirs or devisees parties, she had failed to secure her dower, or on the other hand that the court would in such assignment charge upon the respondents remaining and subject to the decree any burden for the dower which the complainant had thus failed to recover? Such assignment could only be made out of the lands of the respondents remaining parties at the time of the decree, and would work no hardship as such lands would only be subjected to the burden of the dower recovered from such lands.

We therefore do not think that because the statute permits the complainant to join all the owners of the lands, it therefore follows that it is necessary that every alienee *pendente lite* of a respondent and every heir or devisee of a deceased respondent should be brought before the court before the suit can proceed. We think the provisions, as to parties, of the statutes we have cited, supra, apply to this proceeding as to other suits in equity. The subject of parties in suits in equity is too broad and the exceptions are too numerous for extended comment, but as illustrative of some of the principles upon the subject under consideration, we quote from Story's Eq. Pl., § 77, as follows: "Let us, therefore, before entering upon the more particular considerations applicable to this subject, examine into and consider the general nature of the exceptions, which have been admitted to the general rule in equity, that all persons legally or beneficially interested in the subject-matter of a suit should be made parties; or, if the expression be deemed more exact and satisfactory, that all persons, who are interested in the object of the bill, are necessary and proper parties. All these exceptions will be found to be governed by one and the same principle, which is, that, as the object of the general rule is to accomplish the purposes of justice between all the parties in interest, and it is a rule founded, in some sort, upon public convenience and policy, rather than upon

positive principles of municipal or general jurisprudence, courts of equity will not suffer it to be so applied as to defeat the very purposes of justice, if they can dispose of the merits of the case before them without prejudice to the rights or interests of other persons, who are not parties, or if the circumstances of the case render the application of the rule wholly impracticable. On the other hand, if complete justice between the parties before the court cannot be done without others being made parties, whose rights or interests will be prejudiced by a decree, then the court will altogether stay its proceedings, even though those other parties cannot be brought before the court; for in such cases the court will not, by its endeavors to do justice between the parties before it, risk the doing of positive injustice to other parties not before it, whose claims are or may be equally meritorious." And also the remark in Section 76 c. *Id.*: "And here it may be proper to state the remark of a learned chancellor, speaking upon this very subject of parties, as containing a salutary admonition and instructive lesson, that it is the duty of every court of equity to adapt its practice and course of proceeding, as far as possible, to the existing state of society, and to apply its jurisdiction to all new cases, which, from the progress daily making in the affairs of men, must continually arise; and not, from too strict an adherence to forms and rules established under very different circumstances, to decline to administer justice, and to enforce rights, for which there is no other remedy," citing Lord Cottenham in *Mare v. Malachy*, 1 Myl. & Cr. 559.

(5)　As to the questions relative to the applicability of rules 14 and 15 of the Superior Court in the cases cited in the question certified, we do not think that said rules are applicable. These rules do not refer to or provide for the procedure in case of the death of parties, or the alienation by parties of lands in suit. Both rules embody exceptions to the rule as to parties, which have been long acted upon by courts of equity.

The exception embodied in rule 14 is founded upon the utter impracticability of making the new proper or necessary parties, as when such new parties are not within the jurisdiction.

The exception embodied in rule 15 is founded upon the case of exceedingly numerous parties, where it would be impracticable to join them without manifest inconvenience and oppressive delays. Both, however, refer to and provide for the exception of parties, proper and *necessary*, who would have to be made parties but for the exception. In this case the persons who were necessary and proper parties, have been made parties to the suit. When parties respondents convey their lands, or die, then the decision of the question whether the alienees in the one case, and the heirs or devisees in the other, must be made parties, depends not upon the number of said persons or the difficulty of making them parties, but upon the question whether they are necessary parties without the presence of whom the court will not proceed to a decree, and upon that question said rules 14 and 15 afford no assistance, and are not applicable.

In accordance with the reasons above expressed said questions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 are answered in the negative.

Having thus answered the questions certified, the papers in the cause, with our decision certified thereon, are sent back to the Superior Court for further proceedings.

*Nathan W. Littlefield, Walter R. Stiness, John H. Slattery,* for complainant.

*Waterman & Greenlaw, Charles E. Tilley,* of counsel.

*Mumford, Huddy & Emerson, Tillinghast & Collins, Gardner, Pirce & Thornley, William W. Moss,* of counsel, for respondents.